## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**CHARLES C. ANDRE' (# 584360)**  **CIVIL ACTION NO.**

**VERSUS**  **22-67-BAJ-EWD**

**RUSTY MESSER**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October 31, 2022.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CHARLES C. ANDRE' (# 584360)**            **CIVIL ACTION NO.**

**VERSUS**            **22-67-BAJ-EWD**

**RUSTY MESSER**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Complaint of Charles C. André ("Plaintiff"), who is representing himself and who is a pre-trial detainee confined at the Ascension Parish Jail in Donaldsonville, Louisiana.[1] Based on the screening process for such complaints, it is recommended that Plaintiff's federal claims be dismissed pursuant to 28 U.S.C. § 1915(e)(2) and 1915A, that supplemental jurisdiction over any state law claims be declined, and that this case be closed.

**I.**     **BACKGROUND**

Plaintiff filed suit against Rusty Messer ("Messer"),[2] alleging that Messer violated his federal rights by failing to provide adequate representation in Plaintiff's federal criminal matters.[3] Plaintiff seeks monetary and injunctive relief.[4]

**II.**     **LAW & ANALYSIS**

     **A. Standard of Review**

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action by a prisoner against a governmental entity or an officer or employee of a governmental entity, or by any other plaintiff who has been granted IFP status, if the Court is satisfied that the action or

---

[1] R. Doc. 1.
[2] R. Doc. 1, pp. 2-3.
[3] R. Doc. 1, pp. 12-14.
[4] R. Doc. 1, p. 14.

claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.[5] The statutes impose similar standards for dismissal and are intended to afford the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact. Dismissal may be made before service of process or before any defendant has answered if the court determines that the claim or action does not pass the screening process.

To determine whether a complaint fails to state a claim under §§ 1915(e) and 1915A, courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[6] Accordingly, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.[7] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[8] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[9] While the screening process does give the court the rare power to 'pierce the veil' of the factual allegations,[10] pleaded facts that are merely improbable or strange are not frivolous for purposes of screening.[11] A claim is factually frivolous only if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[12] A claim is also

---

[5] §1915(e) provides for dismissal of lawsuits that are frivolous, malicious, or fail to state a claim in proceedings where the plaintiff was granted leave to proceed *in forma pauperis* ("IFP"). §1915A provides for dismissal of lawsuits by prisoners against a governmental entity or employee of a governmental entity that are frivolous, malicious, or fail to state a claim upon which relief may be granted regardless of the pauper status of the plaintiff. Plaintiff was granted permission to proceed *in forma pauperis* on April 5, 2022 (R. Doc. 5), so both statutes apply.
[6] *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998) (recognizing that the standards for determining whether a complaint fails to state a claim for relief are the same under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A and Fed. R. Civ. P. 12(b)(6).
[7] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[9] *Id.*
[10] *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).
[11] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[12] *Denton*, 504 U.S. at 33, citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

subject to dismissal if it has no legal basis, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[13]

### B. Plaintiff has Failed to State a Claim Cognizable in a *Bivens*[14] Action

Plaintiff complains of the conduct of defense counsel representing him in connection with a federal criminal case in this Court.[15] In order to state a civil rights claim cognizable under *Bivens* or under § 1983, a plaintiff must allege that (1) he was deprived of a right secured by the Constitution or law of the United States; and (2) the deprivation was caused by one acting under color of state or federal law.[16] Absent either element, a claim cannot be maintained under either § 1983 or *Bivens*.

For a defendant to be liable under *Bivens,* the defendant must qualify as a federal actor.[17] A federal officer or agent acting under color of federal law may be liable for damages for violating the constitutional rights of another.[18] Plaintiff has named no defendant in this case who is a federal officer or agent as required to establish a claim under *Bivens*.

As a general principle, appointed or retained counsel in a federal criminal case does not qualify as a federal actor for purposes of *Bivens*.[19] As such, the conduct of Defendant Rusty Messer

---

[13] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[14] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S 388 (1971).
[15] R. Doc. 1, pp. 12-14. Plaintiff complains of lack of communication regarding a plea agreement, a general lack of contact from his court-appointed counsel, and lack of actions taken by his court-appointed counsel. R. Doc. 1, pp. 12-14.
[16] *West v. Atkins,* 487 U.S. 42, 48 (1988); *Abate v. Southern Pacific Transp. Co.*, 993 F.2d 107, 110, n. 14 (5th Cir. 1993) ("*Bivens* is the federal counterpart of § 1983. In effect, it extends the protections afforded by § 1983 to parties injured by federal actors not liable under § 1983.").
[17] Here, though the result is the same under § 1983 and *Bivens*, it is appropriate to analyze the claim under *Bivens* because the defendant, Messer, was appointed in connection with a *federal* criminal trial, and the implication, though incorrect, is that Messer is a federal actor. R. Doc. 1, p. 3 (checking the box that this is a *Bivens* claim) and pp. 12-14. *See Abate*, 993 F.2d at 110, n. 14.
[18] *Bivens,* 403 U.S. at 397.
[19] *Hudson v. Hughes,* 98 F.3d 868, 873 (5th Cir.1996) (holding that private attorneys and appointed attorneys do not qualify as state actors and generally are not subject to suit under section 1983); *McLeod v. Knowles,* 189 Fed.Appx. 297 (5th Cir. 2006) (unpublished *per curiam*) ("an attorney appointed to represent an indigent defendant is not subject to suit under § 1983 or *Bivens*.") (citations omitted).

3

in representing Plaintiff in a federal criminal action is not cognizable under *Bivens*. Consequently, Plaintiff's claims lack a basis in law and are frivolous.

### RECOMMENDATION

**IT IS RECOMMENDED** that the claims of Plaintiff Charles C. André be **DISMISSED WITH PREJUDICE** as legally frivolous and for failure to state a claim pursuant to 28 U.S.C. §§October 29, 2022 1915(e) and 1915A, and that this matter be **CLOSED**.

Signed in Baton Rouge, Louisiana, on October 31, 2022.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**