UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHARLES C. ANDRE' (#584360)                    CIVIL ACTION

VERSUS

RUSTY MESSER                          NO. 22-00067-BAJ-EWD

## RULING AND ORDER

On September 26, 2019, a federal grand jury returned an indictment charging Charles Andre' (the plaintiff in this action) and two others with one count of conspiracy to distribute methamphetamine, and three counts of distributing methamphetamine, in the case captioned *United States vs. Charles Andre, et al.*, No. 19-cr-00124 (M.D. La.) (the "criminal action"). On November 12, 2019, the Court appointed counsel to represent Mr. Andre' in his criminal action, and on May 19, 2022, Mr. Andre pleaded guilty to one count of conspiracy to distribute methamphetamine pursuant to the terms of a written plea agreement. Mr. Andre's sentencing hearing is currently set for January 5, 2023.

Through the course of his criminal action, Mr. Andre has raised multiple complaints regarding his representation, resulting in multiple substitutions of his court-appointed counsel. This action focuses on the performance of CJRA panel member Rusty Messer—one of Mr. Andre's prior court-appointed attorneys—and alleges that during the course of Mr. Messer's representation (from November 19, 2020 to March 2, 2022) Mr. Messer rendered deficient performance by failing to respond to Mr. Andre's correspondences, failing to file motions challenging the

Government's case, and failing to expeditiously communicate and explain the terms of a plea agreement offered by the Government. (Doc. 1 pp. 13-15). Mr. Andre' alleges that Mr. Messer's inattention violated his constitutional right to effective counsel and "has caused [him] an immeasurable amount of stress," and on this basis seeks damages of $250,000 pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).[1]

On October 31, 2022, the Magistrate Judge issued a **Report and Recommendation (Doc. 6, the "R&R")**, recommending that Mr. Andre's *Bivens* claim be dismissed as frivolous and lacking a basis in law pursuant to the screening requirements of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and further recommending that the Court decline to exercise supplemental jurisdiction over Mr. Andre's potential state law claims. The deadline to object to the R&R has long since passed, without any objection from Mr. Andre'.

Upon de novo review, and having carefully considered the Complaint and related filings, the Court **APPROVES** the Magistrate Judge's Report and Recommendation and **ADOPTS** it as the Court's opinion in this matter.

Accordingly,

**IT IS ORDERED** that Mr. Andre's *Bivens* claim be and is hereby **DISMISSED WITH PREJUDICE** as frivolous and lacking a basis in law pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

---

[1] As indicated above, Mr. Messer no longer represents Mr. Andre' in his criminal case, having been replaced on March 7, 2022 by new court-appointed counsel. Importantly, Mr. Messer did not represent Mr. Andre' during the negotiations that resulted in the execution of Mr. Andre's plea agreement on April 27, 2022, and Mr. Andre's guilty plea on May 19, 2022.

**IT IS FURTHER ORDERED** that the Court declines to exercise supplemental jurisdiction over Mr. Andre's potential state law claims.

Judgement shall be entered separately.

Baton Rouge, Louisiana, this 21st day of December, 2022

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**